1   JANET M. HEROLD
    Regional Solicitor
2   SUSAN SELETSKY
    FLSA Counsel
3   JOSEPH M. LAKE
    Senior Trial Attorney
4   lake.joseph@dol.gov
    California State Bar Number 246679
5   United States Department of Labor
    Office of the Solicitor
6   90 7th Street, Suite 3-700
    San Francisco, CA
7   (415) 625-7758
    FAX (415) 625-7772
8

9   Attorneys for Plaintiff, Thomas E. Perez,
    Secretary of Labor
10   United States Department of Labor

11            UNITED STATES DISTRICT COURT FOR THE

12                NORTHERN DISTRICT OF CALIFORNIA

13

14   THOMAS E. PEREZ, Secretary of Labor, )
    United States Department of Labor,    )
15                      )   Case No.: 3:14-cv-4703- JCS
          Plaintiff,      )
16       v.                   )   [~~PROPOSED~~]
                     )   **CONSENT JUDGMENT**
17   GOLDEN HOME EXTEND CARE, INC., a )
    corporation; SAINT MICHAEL'S      )
18   EXTENDED CARE, LLC, a limited liability )
    corporation; RIA GARRISON, an individual; )
19   WALTER GARRISON, an individual; and  )
    RIA GARRISON and WALTER GARRISON )
20   d/b/a GARRISON CARE HOME      )
                     )
21         Defendants.     )
                     )
22

23       Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor

    (the "Secretary"), and Defendants GOLDEN HOME EXTEND CARE, INC., a corporation;
24
    SAINT MICHAEL'S EXTENDED CARE, LLC, a limited liability corporation; RIA
25
    GARRISON, an individual; WALTER GARRISON, an individual; and RIA GARRISON and

    *Consent Judgment*                  1

WALTER GARRISON d/b/a GARRISON CARE HOME (together "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.      The Secretary has filed a Complaint alleging that the Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. § 207, 211(c), 215(a)(2) and (5).

B.      Defendants acknowledge receipt of a copy of the Secretary's Complaint.

C.      Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

D.      The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.      Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Northern District of California.

F.      Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

G.      Defendants understand and agree that demanding or accepting any of the funds due employees under this Consent Judgment ("Consent Judgment" or "Judgment") or threatening any employee for accepting money due under this Consent Judgment or for exercising any of their rights under the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. §201, *et seq.* is specifically prohibited by this Consent Judgment and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

H.      Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

I.      Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA during the period from August 1, 2011 and July 31, 2014, by paying at least four (4) employees' wages at rates less than the applicable federal minimum wage in workweeks when said employees were

*Consent Judgment*                    2

engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.

J. Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA during the period from August 1, 2011 and July 31, 2014, by employing at least twenty-six (26) employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

K. Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA during the period from August 1, 2011 and July 31, 2014, by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act. Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereafter the "Act" or the "FLSA"), Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

1    2.    Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any

2  of their employees who in any workweek are engaged in commerce or the production of goods

3  for commerce, or who are employed in an enterprise engaged in commerce or in the production

4  of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours,

5  unless such employee receives compensation for his employment in excess of forty hours at a

6  rate not less than one and one-half times the regular rate at which he is employed.

7    3.    Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act fail to

8  make, keep and preserve records of their employees and of the wages, hours, and other

9  conditions and practices of employment maintained by them as prescribed by the regulations

10  found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section

11  11(c) of the Act.

12    4.    **IT IS FURTHER ORDERED** that Defendants shall not withhold payment of

13  $114,252.74, which represents the unpaid minimum wage and overtime compensation hereby

14  found to be due, for the period from August 1, 2011 and July 31, 2014 to the present and former

15  employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth

16  therein.

17    5.    **IT IS FURTHER ORDERED** that Plaintiff shall have and recover from

18  Defendants the amount of $85,689.56, which represents the liquidated damages of hereby found

19  to be due for the Subject Period to those current and former employees of Defendants named in

20  Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein, pursuant to

21  authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216.

22    6.    Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly,

23  any employee to return or to offer to return to the Defendants or to someone else for the

24  Defendants, any money in the form of cash, check, or any other form, for wages previously due

25  or to become due in the future to said employee under the provisions of this Consent Judgment

*Consent Judgment*                    4

1  or the Act; nor shall Defendants accept, or receive from any employee, either directly or
2  indirectly, any money in the form of cash, check, or any other form, for wages heretofore or
3  hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor
4  shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone
5  else to discriminate, against any such employee because such employee has received or retained
6  money due to him from the Defendants under the provisions of this Consent Judgment or the
7  Act.

8  **FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the
9  Act, in favor of the Secretary as a judgment owed to the United States of America and against
10  the Defendants in the total amount of $199,942.30, which is comprised of $114,252.74 in unpaid
11  minimum wage and overtime compensation owed by Defendants and pursuant to authority
12  expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, an additional equal amount as
13  liquidated damages of $85,689.56.

14  7.  Defendants shall pay the sum of $114,252.74, which represents the unpaid
15  minimum wage and overtime compensation hereby found to be due, for the period from August
16  1, 2011 and July 31, 2014, to the present and former employees named in Exhibit A, attached
17  hereto and made a part hereof, in the amounts set forth therein.

18  8.  The rights of any of Defendants' employees or ex-employees not specifically
19  mentioned in Exhibit A to this Consent Judgment, to back wages and liquidated damages under
20  the Act, and the rights of Defendants' employees or ex-employees identified in Exhibit A in
21  regard to work performed for any time period other than the time period specified above in
22  paragraph 6, are neither affected nor extinguished by this Consent Judgment and neither party to
23  the action contemplates that the Consent Judgment entered in this action will affect such rights, if
24  any.

25

1    9.    Defendants shall further pay as liquidated damages the additional sum of

2  $85,689.56 hereby found to be due, for the period from August 1, 2011 and July 31, 2014, to the

3  present and former employees named in Exhibit A, attached hereto and made a part hereof, in the

4  amounts set forth therein.

5    10.   The provisions of paragraphs 4, 5, 7, and 9 of this Consent Judgment will be

6  deemed satisfied where Defendants comply with the following provisions:

7        Within ten calendar days of the entry of this Consent Judgment, Defendants shall either

8  deliver proof of payment (in the form of copies of checks issued and signed WH-58 forms) of the

9  back wages and liquidated damages amounts as delineated on the signed WH-56 forms attached

10 hereto as Exhibit A to the present and former employees therein named; or, if Defendants are

11 unable to reach a former employee or a former employee has informed the DOL that he/she

12 would prefer to receive payment directly from the DOL, Defendants shall provide the payments

13 via check for those specified employees to the DOL via Federal Investigator Lonnie S. Holmes at

14 the following address:

15        Lonnie S. Holmes

16        Federal Investigator

17        90 7th Street, Suite 12-100

18        San Francisco, Ca. 94103

19

20    11.   In the event of a default in the timely making of the payments specified herein,

21 the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest

22 at the rate of 10% per year from the date of this Consent Judgment until the full amount of this

23 Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S.

24 Department of Labor by certified check to the District Director of the Wage and Hour Division.

25

*Consent Judgment*                                    6

For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five calendar days of the due date.

12.     The Secretary shall allocate and distribute the remittances, or the proceeds thereof that have not already been paid directly by Defendants, less deductions for employees' share of Social Security and withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary shall be responsible for deducting the employee's share of FICA and federal income taxes from the amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies.

13.     Within thirty days of the date of entry of this Consent Judgment, Defendants shall provide each of their employees with copies of a Notice of Rights, attached as Exhibit B, which summarizes the terms of this Consent Judgment and provides direct guidance from the DOL regarding care home employees' rights under the FLSA. English and Spanish versions are attached. In the event any of Defendants' employees' native language is a language other than English, Tagalog, or Spanish, Defendants shall have the notice translated into that language. Defendants shall provide copies of Exhibit C to all new hires and post a copy at each business establishment in an area that is frequented by each employee at least once every workweek and where it is highly visible. This provision shall be in effect for a period of four years from the date of entry of this Consent Judgment.

14.     Within 10 days of signing this Consent Judgment, Defendants shall post Department of Labor- approved posters regarding the minimum wage and overtime provisions of the FLSA, which may be found at http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

*Consent Judgment*                                           7

15.     Defendants agree that they will not claim that food eaten by workers is a part of their pay (a "meal credit") absent full compliance with 29 C.F.R. Part 531. If Defendants opt to seek a meal credit pursuant to 29 C.F.R. Part 531, Defendants shall retain receipts for any food purchased for which they claim a meal credit. Immediately upon issuance and for two years thereafter, Defendants shall maintain copies of receipts for food purchased as to which Defendants assert a meal credit. Defendants shall make these receipts open for inspection by the Department of Labor at any time without prior request, and inspection by any worker at any time without prior request. On January 1, March 1, June 1 and October 1 of each year, Defendants shall post a statement in an area that is frequented by employees and where it is highly visible which shows how Defendants calculated the amount of any meal credit Defendants claimed during the previous calendar quarter. Defendants shall continue to display the above-described meal credit information for two years after claiming any meal credit.

16.     Defendants shall not claim that sleeping at Defendants' facility is part of the workers' pay ("lodging credit") unless they comply fully with 29 C.F.R. Part 516, including 29 CFR § 516.27. Defendants shall maintain all records described at 29 C.F.R. § 516.27, including itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost of lodging for which a lodging credit is claimed. Immediately upon issuance and for two years thereafter, Defendants shall maintain copies of all receipts and expenditures and other document support for any lodging credit asserted. Defendants shall make such lodging credit documents open for inspection by the Department of Labor at any time without prior request, and inspection by any worker at any time without prior request. On January 1, March 1, June 1 and October 1 of each year, Defendants shall post a statement in an area that is frequented by employees and where it is highly visible which shows how Defendants calculated the amount of any lodging credit Defendants claimed during the

1 previous calendar quarter. Defendants shall continue to display the above-described lodging
2 credit information for two years after claiming any lodging credit.

3

4    17.    IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action
5 for purposes of enforcing compliance with the terms of this Consent Judgment.

6

7         Dated this _28th_ day of ___October___, 2014

8

9    _____
10   U.S. _____
     MAG. _____ Judge Joseph C. Spero
11

12   The parties stipulate to entry of this Consent Judgment _____ of the terms stated
     herein:
13
     Dated: _10- 15- 2014_
14   DEFENDANT                                Dated:

15                                            M. PATRICIA SMITH
                                             Solicitor of Labor
16   _Ria  Garrison_

17   RIA GARRISON                             JANET M. HEROLD
     for Defendants GOLDEN HOME EXTEND        Regional Solicitor
18   CARE, INC.; SAINT MICHAEL'S
     EXTENDED CARE, LLC; RIA GARRISON,        SUSAN SELETSKY
19   WALTER GARRISON, an individual; and      FLSA Counsel
     RIA GARRISON and WALTER GARRISON
20   d/b/a GARRISON CARE HOME
                                             _____
21                                            JOSEPH M. LAKE
                                             Senior Trial Attorney
22                                            Attorneys for U.S. Department of Labor

23

24

25

_Consent Judgment_                  9

1  Approved as to Form:

2  BAIN, MAZZA, & DEBSKI LLP

3

4

5  LAURA M. MAZZA
   Attorney for Defendants GOLDEN HOME
6  EXTEND CARE, INC.; SAINT MICHAEL'S
   EXTENDED CARE, LLC; RIA GARRISON,
7  WALTER GARRISON, an individual; and
   RIA GARRISON and WALTER GARRISON
8  d/b/a GARRISON CARE HOME

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                  **EXHIBIT A**

2

  A summary of unpaid wages and liquidated damages on form WH-56 have been provided to

3  Laura Mazza, Attorney for Defendants GOLDEN HOME EXTEND CARE, INC.; SAINT
     MICHAEL'S EXTENDED CARE, LLC; RIA GARRISON, WALTER GARRISON, an

4  individual; and RIA GARRISON and WALTER GARRISON d/b/a GARRISON CARE HOME
     On 10/3/14, the fully executed copies of which are attached hereto.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | San Francisco District Office 90 7th Street Suite 12100 San Francisco, CA 94103 415-625-7720 | | Investigator: Lonnie Holmes | | | Date: 10/03/2014 |
| --- | --- | --- | --- | --- | --- | --- |
| | | | Employer Fed Tax ID Number: | | 80-0435357 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BW Agreed | 6. LD Agreed | Total |
| --- | --- | --- | --- | --- | --- | --- |
| 1. Ake, Mirian | 1426 Lincoln Ave Apt A San Rafael, Ca 94901 | 08/06/2011 to 08/02/2014 | FLSA | $140.00 | $105.00 | $245.00 |
| | | | | $140.00 | $105.00 | $245.00 |
| 2. Chavez, Katherine | 982 Elliott Dr., Vallejo, CA 94589 | 08/06/2011 to 08/02/2014 | FLSA | $144.00 | $108.00 | $252.00 |
| | | | | $144.00 | $108.00 | $252.00 |
| 3. De Guzman, Lolita | 2035 Severus Drive Vallejo, CA 94589 | 08/06/2011 to 08/02/2014 | FLSA | $785.00 | $588.75 | $1,373.75 |
| | | | | $785.00 | $588.75 | $1,373.75 |
| 4. Demadapat, Iluminada | 1001 Green Oak Drive Lafayette, CA 94549 | 08/06/2011 to 08/02/2014 | FLSA | $785.00 | $588.75 | $1,373.75 |
| | | | | $785.00 | $588.75 | $1,373.75 |
| 5. Escobar, Romelia | 1563 Anna Way Petaluma, CA 94954 | 08/06/2011 to 08/02/2014 | FLSA | $863.50 | $647.63 | $1,511.13 |
| | | | | $863.50 | $647.63 | $1,511.13 |
| 6. Flores, Cherie Ann | 383 McArthur Blvd., Apt#424 Oakland, CA 94610 | 08/06/2011 to 08/02/2014 | FLSA | $27,143.53 | $20,357.65 | $47,501.18 |
| | | | | $27,143.53 | $20,357.65 | $47,501.18 |

| I agree to pay the listed employees the amount due shown above by 11/01/2014 Signed: _____ Date: 10-8-2014 | Employer Name and Address: Golden Home Golden home extended care, inc 1234 Las Gallinas San Rafael CA 94903 | Subtotal: | $29,861.03 | $22,395.78 | $52,256.81 |
| --- | --- | --- | --- | --- | --- |

Form WH-56A

# Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | San Francisco District Office<br>90 7th Street<br>Suite 12100<br>San Francisco, CA 94103<br>415-625-7720 | | Investigator:<br>Lonnie Holmes | | | Date:<br>10/03/2014 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 80-0435357 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BW Agreed | 6. LD Agreed | Total |
|---|---|---|---|---|---|---|
| 7. Juan, Metodio | 1715 Sunset Avenue<br>Fairfield, CA 94533 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $270.00 | $202.50 | $472.50 |
| | | | | $270.00 | $202.50 | $472.50 |
| 8. LaRocca, Rocelyn | 40 Pleasant Lane<br>San Rafael, CA 94901 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $785.00 | $588.75 | $1,373.75 |
| | | | | $785.00 | $588.75 | $1,373.75 |
| 9. Martinez, Irma | 544 Loletta Lane<br>Novato, CA 94947 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $785.00 | $588.75 | $1,373.75 |
| | | | | $785.00 | $588.75 | $1,373.75 |
| 10. Morquecho, Nancy | 1725 Marion Ave., Apt. K-11<br>Novato, CA 94945 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $385.00 | $288.75 | $673.75 |
| | | | | $385.00 | $288.75 | $673.75 |
| 11. Ordonez, Lucila | 55 Canal St., Apt. 4<br>San Rafael, CA 94901 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $706.50 | $529.88 | $1,236.38 |
| | | | | $706.50 | $529.88 | $1,236.38 |
| 12. Reyes, Marvin | 807 York St.,<br>Vallejo, CA 94590 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $76.50 | $57.38 | $133.88 |
| | | | | $76.50 | $57.38 | $133.88 |

| I agree to pay the listed employees the amount due shown above by 11/01/2014<br><br>Signed: _Rva Ma_<br><br>Date: _10 - 8 - 2014_ | Employer Name and Address:<br>Golden Home<br>Golden home extended care, inc<br>1234 Las Gallinas<br>San Rafael CA 94903 | Subtotal: | $3,008.00 | $2,256.01 | $5,264.01 |
|---|---|---|---|---|---|

Form WH-56A

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | San Francisco District Office<br>90 7th Street<br>Suite 12100<br>San Francisco, CA 94103<br>415-625-7720 | | Investigator:<br>Lonnie Holmes | | | | Date:<br>10/03/2014 |
|---|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 80-0435357 | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BW Agreed | 6. LD Agreed | Total |
|---|---|---|---|---|---|---|
| 13. Vecina, Madelle | 329 Ellen Drive<br>San Rafael, CA 94903 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $247.50 | $185.63 | $433.13 |
| | | | | $247.50 | $185.63 | $433.13 |
| 14. Yam, Angelica | 144 Bolling Circle<br>Novato, CA 94949 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $400.00 | $300.00 | $700.00 |
| | | | | $400.00 | $300.00 | $700.00 |

| I agree to pay the listed employees the amount due shown above by 11/01/2014 | Employer Name and Address: | Subtotal: | $647.50 | $485.63 | $1,133.13 |
|---|---|---|---|---|---|
| Signed: | Golden Home<br>Golden home extended care, inc<br>1234 Las Gallinas<br>San Rafael CA 94903 | Total: | $33,516.53 | $25,137.42 | $58,653.95 |
| Date: 10- 8- 2014 | | | | | |

Form WH-56A

# Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| **Office Address:** | San Francisco District Office<br>90 7th Street<br>Suite 12100<br>San Francisco, CA 94103<br>415-625-7720 | | **Investigator:**<br>Lonnie Holmes | | | **Date:**<br>10/03/2014 |
|---|---|---|---|---|---|---|
| | | | **Employer Fed Tax ID Number:** | | 94-3395969 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BW Agreed | 6. LD Agreed | Total |
|---|---|---|---|---|---|---|
| 1. Deleon, Diane | 112 Morning Side Drive<br>Daly City, CA 94015 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $34,545.00 | $25,908.74 | $60,453.74 |
| | | | | $34,545.00 | $25,908.74 | $60,453.74 |
| 2. Mestidio, Henry | 1084 15th Ave<br>Redwood City, CA 94063 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $22,932.00 | $17,198.99 | $40,130.99 |
| | | | | $22,932.00 | $17,198.99 | $40,130.99 |
| 3. Tupaz, Joseph | | 08/06/2011<br>to<br>08/02/2014 | FLSA | $14,954.17 | $11,215.65 | $26,169.82 |
| | | | | $14,954.17 | $11,215.65 | $26,169.82 |

| I agree to pay the listed employees the amount due shown above by 11/01/2014 | **Employer Name and Address:**<br>Garrison Care Home<br>Garrison Care Home<br>7 Hermosa Lane<br>South San Francisco CA 94080 | Subtotal: | $72,431.17 | $54,323.38 | $126,754.55 |
|---|---|---|---|---|---|
| Signed: _____<br><br>Date: 10-8-2014 | | Total: | $72,431.17 | $54,323.38 | $126,754.55 |

Form WH-56A

Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | San Francisco District Office<br>90 7th Street<br>Suite 12100<br>San Francisco, CA 94103<br>415-625-7720 | | Investigator:<br>Lonnie Holmes | | | | Date:<br>10/03/2014 |
|---|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | | 68-0640068 | |
| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BW Agreed | 6. LD Agreed | Total | |
| 1. Baraona, Lourdes | 142 Park Streer<br>San Rafael, CA 94901 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $247.50 | $185.62 | $433.12 | |
| | | | | $247.50 | $185.62 | $433.12 | |
| 2. Guerra-De Serrato, Zoila | 220 Canal St., #18<br>San Rafael, CA 94901 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $745.75 | $559.31 | $1,305.06 | |
| | | | | $745.75 | $559.31 | $1,305.06 | |
| 3. Guintu, Gerardo | 408 Fourth Street<br>San Rafael, CA 94901 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $883.13 | $662.35 | $1,545.48 | |
| | | | | $883.13 | $662.35 | $1,545.48 | |
| 4. Guintu, Marilou | 408 Fourth Street<br>San Rafael, CA 94901 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $942.00 | $706.50 | $1,648.50 | |
| | | | | $942.00 | $706.50 | $1,648.50 | |
| 5. Juan, Metodio | 1715 Sunset Avenue<br>Fairfield, CA 94533 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $726.13 | $544.60 | $1,270.73 | |
| | | | | $726.13 | $544.60 | $1,270.73 | |
| 6. Lem, Maritza | 240 Canal St.#C12<br>San Rafael, CA 94901 | 08/06/2011<br>to<br>08/02/2014 | FLSA | $460.00 | $345.00 | $805.00 | |
| | | | | $460.00 | $345.00 | $805.00 | |

| I agree to pay the listed employees the amount due shown above by 11/01/2014<br><br>Signed: _____<br><br>Date: 10-8-2014 | Employer Name and Address:<br>Saint Michael's Extended Care Home<br>Saint Michael's Extended Care Home<br>416 4th Street<br>San Rafael CA 94901 | Subtotal: | $4,004.51 | $3,003.38 | $7,007.89 |
|---|---|---|---|---|---|

Form WH-56A

# Summary of Unpaid Wages

## U.S. Department of Labor
Wage and Hour Division



| Office Address: | San Francisco District Office 90 7th Street Suite 12100 San Francisco, CA 94103 415-625-7720 | | Investigator: Lonnie Holmes | | | Date: 10/03/2014 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 68-0640068 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BW Agreed | 6. LD Agreed | Total |
|---|---|---|---|---|---|---|
| 7. Llova, Garado | 1050 Court St #420 San Rafael, CA 94901 | 08/06/2011 to 08/02/2014 | FLSA | $532.00 | $399.00 | $931.00 |
| | | | | $532.00 | $399.00 | $931.00 |
| 8. Ordonez, Lucila | 55 Canal St., Apt. 4 San Rafael, CA 94901 | 08/06/2011 to 08/02/2014 | FLSA | $706.50 | $529.87 | $1,236.37 |
| | | | | $706.50 | $529.87 | $1,236.37 |
| 9. Ordonez, Yolanda | 1 Plaza Loma Novato, CA 94947 | 08/06/2011 to 08/02/2014 | FLSA | $1,040.13 | $780.10 | $1,820.23 |
| | | | | $1,040.13 | $780.10 | $1,820.23 |
| 10. Padua, Phillip | 59 Fremont Road San Rafael, CA 94901 | 08/06/2011 to 08/02/2014 | FLSA | $58.50 | $43.87 | $102.37 |
| | | | | $58.50 | $43.87 | $102.37 |
| 11. Ramirez, Estela | 3525 Kerner Blvd.#17 San Rafael, CA 94901 | 08/06/2011 to 06/02/2014 | FLSA | $1,758.40 | $1,318.80 | $3,077.20 |
| | | | | $1,758.40 | $1,318.80 | $3,077.20 |
| 12. Rosaroso, Ludwig | 1000 McDonald Ave., #116 Richmond, CA 94801 | 08/06/2011 to 08/02/2014 | FLSA | $205.00 | $153.75 | $358.75 |
| | | | | $205.00 | $153.75 | $358.75 |

| I agree to pay the listed employees the amount due shown above by 11/01/2014 Signed: _Rra Plani_ Date: _10 · 8 2014_ | Employer Name and Address: Saint Michael's Extended Care Home Saint Michael's Extended Care Home 416 4th Street San Rafael CA 94901 | Subtotal: | $4,300.53 | $3,225.39 | $7,525.92 |
|---|---|---|---|---|---|
| | | Total: | $8,305.04 | $6,228.77 | $14,533.81 |

Form WH-56A

# EXHIBIT B
## **LEGAL NOTICE TO ALL EMPLOYEES**

The Department of Labor conducted an investigation of GOLDEN HOME EXTEND CARE, INC.; SAINT MICHAEL'S EXTENDED CARE, LLC; RIA GARRISONWALTER GARRISON; and GARRISON CARE HOME, and determined that employees were owed back wages and liquidated damages for their employment during the period of 8/1/11 to 7/31/14 GOLDEN HOME EXTEND CARE, INC.; SAINT MICHAEL'S EXTENDED CARE, LLC; RIA GARRISONWALTER GARRISON; and GARRISON CARE HOME have agreed voluntarily to pay the penalties, back wages and liquidated damages calculated by the Department, and take other affirmative steps to achieve compliance with the Fair Labor Standards Act.

The **Fair Labor Standards Act** provides that you must be paid the **minimum wage** for all hours worked. In addition, all employees must be paid the **overtime** rate of one and one-half times your regular rate for all hours worked over 40 in a workweek. All employees are entitled to overtime pay (1 ½ times your regular rate) when you work over 40 hours. Your employer may not make deductions or take credit for meals and lodging provided to you unless you voluntarily agree to sign a written agreement with your employer regarding such meal or lodging credits. The consent judgment your employer reached with the

1  Department of Labor requires the employer to make available to you any receipts,

2  documents, or any other information necessary to explain how any lodging or meal

3
4  deductions and credits are being calculated.

5      You must be paid for all hours worked, even hours spent sleeping, if you are

6  not usually free of duties during such sleep hours and thus can enjoy at least 5

7  hours of uninterrupted sleep hours.  Your employer must pay you for all time spent

8
9  working, even if the work is performed during time scheduled as "sleep time" or

10  "non-work" time.

11      **If you think you are not being paid in accordance with the law**, you can

12  call the U.S. Department of Labor, Wage and Hour Division, at (415) 625-7720 or

13
14  1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential.

15

16

17

18

19

20

21

22

23

24

25

# AVISO LEGAL A TODOS LOS EMPLEADOS

El Departamento de Trabajo condujo una investigación de GOLDEN HOME EXTEND CARE, INC.; SAINT MICHAEL'S EXTENDED CARE, LLC; RIA GARRISONWALTER GARRISON; and GARRISON CARE HOME determinó que los empleados están debidos salarios retroactivos y daños liquidados por su empleo durante el período de 8/1/11 hasta 7/31/14 GOLDEN HOME EXTEND CARE, INC.; SAINT MICHAEL'S EXTENDED CARE, LLC; RIA GARRISONWALTER GARRISON; and GARRISON CARE HOME se han puesto de acuerdo voluntariamente y están dispuestos a pagar las multas, los salarios retroactivos, y los daños liquidados calculados por el Departamento. También, están dispuesto a tomar pasos positivos para cumplir con la Ley de Normas Justas de Trabajo.

La **Ley de Normas Justas de Trabajo** establece que todos los empleados tienen que ser pagados **el salario mínimo** por todas las horas que han trabajado. Además, todos los empleados tienen que recibir **sobretiempo** después de 40 horas de trabajo en una semana, que es 1 ½ veces la tasa regular de pago normal del empleado. Todos los empleados que reciben salario por horas tienen derecho a sobretiempo cuando trabajan más de 40 horas por semana.

**Si usted piensa que no está siendo pagado de acuerdo con la ley**, puede

1  llamar al Departamento de Trabajo, Sección de Horas y Sueldos, a (415) 625-7720

2  o a 1-866-4-USWAGE (1-866-487-9243); su identidad es confidencial.